# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA Y. ALVAREZ,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant. | 1:05cv01032 JMD<br><br>ORDER REGARDING PETITION FOR FEES<br><br>(Document 30) |

      Petitioner Robert Christenson ("Counsel"), attorney for Plaintiff Rosa Y. Alvarez, filed the instant petition for fees on August 15, 2008. Counsel requests fees in the amount of $4,149.60 pursuant to 42 U.S.C. § 406(b)(1).

      Defendant filed a response to Counsel's request on September 8, 2008. Defendant explains that it does not enter into agreements regarding the payment of section 406(b) fee requests because the requests are made pursuant to contingency fee agreements to which the Defendant is not a party and the money at stake ultimately comes from Plaintiff's past due benefits award. Nevertheless, Defendant presents its analysis of the fee request to the Court and does not object to Counsel's request.

      The parties have consented to the jurisdiction of the Magistrate Judge for all purposes.

**BACKGROUND**

Plaintiff filed her social security complaint on August 1, 2005. On September 4, 2007, the Court remanded the case to the administrative law judge ("ALJ") for further proceedings. On May 16, 2008, pursuant to the parties' stipulation, the Court ordered payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $1,428.80.[1]

On remand, the ALJ issued a fully favorable decision. In his petition, Counsel explains that the Social Security Administration is withholding $8,706.25, which represents 25 percent of Plaintiff's total past due award, as attorney's fees. Petition, p. 2; Exhibit A.

By this motion, Counsel seeks $4,149.60 for 10.4 hours of attorney work before this Court. After crediting $1,428.00 received previously pursuant to the EAJA, Counsel requests a net fee of $2,721.80 from the past due award. The Court notes that Counsel identifies the EAJA fee as $1,428.00. However, the EAJA fees awarded in this case totaled $1,428.80. (Docs. 28 and 29). Utilizing the EAJA fees awarded in this case, the adjusted net fee is $2,720.80. Counsel advises that he intends to seek $4,556.65 (the remainder of the $8,706.25) for his work before the Social Security Administration.

**DISCUSSION**

42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a district court reviews a petition for section 406(b) fees "as an independent check" to assure that contingency fee agreements between claimants and their attorneys will "yield reasonable results in particular cases." Agreements are not enforceable to the extent that they provide for fees

---

[1] The award was payable to Robert Christenson, as Plaintiff's assignee, and subject to reservation of rights.

exceeding 25 percent of the past-due benefits. *Id.* "Within the 25 percent boundary. . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

In determining the reasonableness of an award, the district court should consider the character of the representation and the results achieved. *Id.* Ultimately, an award of section 406(b) fees is offset by an award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

Here, Counsel states that he spent 10.4 hours of attorney time representing Plaintiff before this Court. For these hours, he requests a total of $4,149.60, which is less than 25 percent of Plaintiff's past due award. This results in an effective rate of $399.00. The requested amount is reasonable given the substantive work performed before this Court and the favorable result obtained for Plaintiff.

## ORDER

Counsel is entitled to a 406(b) award. The petition is therefore GRANTED in the amount of $4,149.60, less $1,428.80 awarded for EAJA fees, for a net award of $2,720.80.

IT IS SO ORDERED.

**Dated:   February 18, 2009**         /s/ John M. Dixon
                                       UNITED STATES MAGISTRATE JUDGE